1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SENTAYEHU SHEWAMENE
TILAHUN,

                   Petitioner,

    v.

DONALD J. TRUMP, *et al.*,

               Respondents.

Case No. 25-cv-1802-BAS-DEB

**ORDER**
    **1. GRANTING PETITIONER'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 2); AND**
    **2. SETTING HEARING ON TEMPORARY RESTRAINING ORDER**

       Petitioner Sentayehu Shewamene Tilahun ("Petitioner") is currently detained by Respondents Donald J. Trump; U.S. Immigration and Customs Enforcement; Executive Office of Immigration Review; CoreCivic, Inc.; Kristi Noem; Todd M. Lyons; Gregory J. Archambeault; Christopher J. Larose; Angelica Alfonso-Royals; and Pamela Bondi (collectively, "Respondents" or "the Government") at Otay Mesa Detention Center in San Diego, CA. (ECF No. 1 ¶ 9.) Petitioner "is in imminent danger of being removed from the United States—within 24 hours or less." (ECF No. 2 at 2.) She has filed a complaint seeking a writ of mandamus, declaratory and injunctive relief, and a writ of habeas corpus. (ECF No. 1.) She has also filed a motion for a temporary restraining order seeking an

immediate stay of removal. (ECF No. 2.) Petitioner has not provided notice to the Government.

The Court recognizes that *ex parte* TROs are an extraordinary measure, but Petitioner has raised serious questions about whether the Government has carried out its statutory duty to provide her—as an asylum seeker—a credible fear interview. And she has shown that deportation to a country where she will face physical danger presents irreparable harm. After carefully examining the record and the applicable law, the Court finds that this case presents one of those rare circumstances where immediate intervention is necessary to preserve the status quo until both parties can present their arguments. This approach balances the extraordinary nature of *ex parte* relief against the concrete risk of irreversible harm.

## I.    BACKGROUND

Petitioner arrived in the United States in late March 2025 seeking asylum from Ethiopia after the government there "detained, threatened, beat, and sexually assaulted her." (ECF No. 1 ¶ 1.) Petitioner did not receive a credible fear interview or a reasonable fear interview. (*Id.* ¶ 22.) Petitioner was ill on the day of her Convention Against Torture ("CAT") interview but was not given the opportunity to reschedule the interview. Additionally, Petitioner was without an interpreter for portions of the interview. (*Id.* ¶ 23.) In her CAT interview, the asylum officer found Petitioner "to be credible and acknowledged her detention and beatings by the Ethiopian government, but decided that [Petitioner] 'did not establish it is more likely than not that you will be tortured in Ethiopia.'" (*Id.* ¶ 24.) USCIS did not provide an explanation for that decision. (*Id.* ¶ 1.) Petitioner was not referred to USCIS for a credible fear interview and her attorney's request for a new CAT interview was denied. (*Id.* ¶¶ 26–27.) The asylum officer failed to notify Petitioner of her rights under 8 C.F.R. § 208.30(g) and failed to provide her with the necessary form to make the request for a review of the decision by an immigration judge. Petitioner is now in imminent danger of removal from the United States—within the next 24 hours. (*Id.* ¶ 33; ECF No. 2 at 1.)

## II.    LEGAL STANDARD

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). These four factors—the *Winter* factors—apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20; *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (holding that "a showing on all four prongs" is required).

The Ninth Circuit takes a "sliding scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). This approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

## III.    ANALYSIS

After considering the record and the applicable legal standard, the Court concludes that an emergency TRO is warranted to preserve the status quo until the Government has the opportunity to respond to Petitioner's request for equitable relief. Preserving the status quo is appropriate as Petitioner has established that she has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary, by raising material legal issues in the credible fear determination process. (ECF No. 1 ¶¶ 1–8, 18–33.)

Petitioner has alleged that Respondents may deport her imminently, and her deportation would prevent her from pursuing her asylum claim (ECF No. 2 at 2–3); therefore, Petitioner has sufficiently shown a likelihood of irreparable harm, *see Patel-Hasmukhbhai v. Barr*, No. CV-20-01121, 2020 WL 13544980, at *3 (D. Ariz. June 8, 2020) ("Because removal would deprive Petitioner of the relief she seeks— asylum in the United States—she has shown that it is probable that she would suffer irreparable harm absent a stay."); *see also Ali v. Ashcroft*, No. C02-2304P, 2002 WL 35650203, at *1 (W.D. Wash. Nov. 14, 2002) ("Petitioners face an immediate risk of irreparable harm, as Respondents have told Petitioners that they are to be removed to Somalia imminently.").

Furthermore, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to respond to the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

Although Petitioner has not submitted a sworn declaration under penalty of perjury specifically addressing her fear of torture and physical harm, the verified complaint contains detailed allegations that satisfy Federal Rule of Civil Procedure 65(b)'s requirements for the Court to issue a TRO *ex parte*. The Court also notes that Petitioner's counsel has documented extensive attempts to engage with the proper government agencies regarding Petitioner's credible fear interview, effectively putting those agencies on notice of Petitioner's claims. (*See* ECF No. 1 ¶¶ 25–28 (documenting communications with ICE and USCIS).)

Given the imminent threat of deportation—Petitioner's removal is scheduled to take place within 24 hours—combined with the serious questions raised and risk of irreparable harm, the Court finds *ex parte* relief warranted. The Court emphasizes that this order is merely temporary, preserving the status quo until both parties can be heard.

25cv1802

## IV.  CONCLUSION

Accordingly, the Court **ORDERS** that Defendants and all their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately **ENJOINED** from:

(a)    Removing or deporting Petitioner from the United States; and

(b)    Transferring Petitioner outside of the Southern District of California during the pendency of these proceedings.

Unless extended by the Court, this Temporary Restraining Order expires 14 days from entry. No security bond is required under Federal Rule of Civil Procedure 65(c) because Defendants face no realistic likelihood of harm from enjoining their conduct. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

The Court also **ORDERS** Petitioner to immediately serve Defendants with a copy of her complaint, her motion for a temporary restraining order, and this Order. Petitioner must file proof of such service with the Court within 24 hours of this Order. Additionally, Petitioner must also serve the U.S. Attorney's Office for the Southern District of California by a method prescribed in Rule 4(i)(1)(A) by no later than 5:00 p.m. on Wednesday, July 16, 2025, and file proof of service with the Court.

The Court further **ORDERS** Respondents to respond as soon as practical, but no later than 5:00 p.m. on Wednesday, July 23, 2025.

Finally, the Court **ORDERS** counsel for Petitioner and Respondents to appear on Friday, July 25, 2025, at 11:00 a.m., in Courtroom 12B for oral argument on this Order. At the hearing, the Court will determine whether to vacate this Order or extend it pending further proceedings. The Government is **ORDERED** to produce Petitioner at this hearing.

**IT IS SO ORDERED.**

DATED: July 15, 2025

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv1802